NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 12 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HECTOR ENRIQUE JARA LOGRONO, | No. 18-73067 |
| Petitioner, | Agency No. A095-743-688 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2023**
Pasadena, California

Before: BEA, M. SMITH, and VANDYKE, Circuit Judges.

Hector Enrique Jara Logrono ("Petitioner"), a native and citizen of Ecuador, petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of the denial by the Immigration Judge ("IJ") of his applications for withholding of removal and protection under the Convention

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). The parties are familiar with the facts. We recount them here only where necessary. We have jurisdiction under 8 U.S.C. § 1252(a)(1). We review denials of withholding of removal and CAT protection for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). When, as here, the BIA reviews the IJ's factual findings for clear error, we "look to the IJ's . . . decision as a guide to what lay behind the BIA's conclusion." *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008). We deny the petition.

Petitioner bore the burden of proving his eligibility for withholding of removal. *Al-Harbi v. I.N.S.*, 242 F.3d 882, 888–89 (9th Cir. 2001) (internal citations omitted). He needed to prove "it [wa]s more likely than not that he would be subject to persecution" if he returned to his home country. *Id.* at 888 (internal citations omitted). To meet his burden, Petitioner testified at his March 2017 merits hearing that he feared returning to Ecuador because in 1997, while he was working there as a taxi driver, several men robbed and beat him in his car. But the IJ found that Petitioner was not credible because his testimony contained numerous and significant discrepancies regarding important details about the incident.

To name a few, Petitioner testified that one of his attackers assumed control of his car and started driving it, but he later said that *he* drove the car at all relevant times. He testified there were three assailants who attacked him that day but then later stated there were actually four. He testified that he went directly to the police

2

to report the attack after it happened but then stated he did not report the incident until the next day. Petitioner lastly *omitted* certain details about the attack on direct examination and only later incorporated them into his account of what happened when the Government read them from the police report that he filed after the incident.

These are "major inconsistencies [and omissions] on issues material to [Petitioner's] claim of persecution" and therefore "constitute substantial evidence supporting an adverse credibility determination." *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011), *overruled in part on other grounds*, *Alam v. Garland*, 11 F.4th 1133, 1135–37 (9th Cir. 2021) (en banc). That Petitioner could not describe consistently how many people attacked him, how they went about doing it, and what happened after were not "trivial" discrepancies because they cast doubt on whether the incident occurred in the first place. *See Mukulumbutu v. Barr*, 977 F.3d 924, 926 (9th Cir. 2020) ("Mukulumbutu's inconsistent testimony about his birth date was not trivial because his identity was at issue."). And Petitioner's omission on direct examination that his assailants tied him up and beat him "undermined his credibility [further] because the[se] fact[s] . . . would have made his case . . . a *more* compelling story of persecution." *Id.* at 927 (cleaned up). We therefore conclude that substantial evidence supports the IJ's adverse credibility finding, and we will not disturb the

IJ's denial of withholding of removal on that ground.[1]

Petitioner argues "the[se] inconsistencies can be explained" because his attack happened more than 20 years ago and because he was "extreme[ly] nervous[]" while testifying about it. "While the normal limits of human . . . memory" may excuse a witness's failure to recount the trivial facts (e.g., the precise "date and time") of an incident, this hardly explains why Petitioner could not recall basic, *non*-trivial facts about the nature of the incident itself. *Mukulumbutu*, 977 F.3d at 926–27. And although Petitioner's nerves may have gotten the better of him at times, this seemed to happen only when he was confronted with these inconsistencies. *See Huang v. Holder*, 744 F.3d 1149, 1152–53 (9th Cir. 2014) ("All aspects of the witness's demeanor— [including] . . . whether he is inordinately nervous . . . may convince the observing trial judge that the witness is testifying truthfully or falsely.") (citation omitted). Thus, we disagree with Petitioner that these "explanations resolve or adequately explain the[] inconsistencies" in his testimony and compel the finding that he is credible. *Mukulumbutu*, 977 F.3d at 926; 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.").

As for Petitioner's CAT claim, the IJ's "adverse credibility determination

---

[1] Nor will we address, for this reason, whether substantial evidence supports the IJ's alternative finding that—even if Petitioner's testimony was credible—Petitioner failed to prove a nexus between his persecution and a protected ground.

[wa]s not necessarily a death knell to" Petitioner's entitlement to this form of relief. *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010). "But when the petitioner's testimony is found not credible," we cannot "reverse the [IJ's] decision denying CAT protection" unless "the [country condition] reports alone compel[] the conclusion that the petitioner is more likely than not to be tortured" if removed to his home country. *Id.* at 1048–49 (citations omitted) (cleaned up).

The country condition reports on Ecuador "do[] not meet th[is] high threshold" because "these reports do not demonstrate that [Petitioner] *personally* will face torture if he returns" there. *Mukulumbutu*, 977 F.3d at 927–28 (emphasis in original). Petitioner cites only one passage from the State Department's 2018 Report on Human Rights Conditions in Ecuador, which summarizes various "[h]uman rights issues [in the country] includ[ing] reports of . . . harsh prison conditions; official corruption . . . violence against women; and the use of child labor." Putting aside the fact that this report is not part of the record, this passage "does not compel the conclusion that [Petitioner] is more likely than not to be tortured if he returns to" Ecuador because Petitioner "has not demonstrated that *his* experience falls within one of th[ese] limited cases." *Shrestha*, 590 F.3d at 1048–49 (emphasis added). "Therefore, the [IJ's] determination that [Petitioner] is not entitled to CAT protection is supported by substantial evidence." *Id.*

The temporary stay of removal remains in place until the mandate issues. The

5

motion for a stay of removal is otherwise denied.

**PETITION DENIED.**